**INA OF TEXAS, Plaintiff-Appellee,**

**v.**

**John G. RICHARD, d/b/a Restless Towing Company, Defendant-Appellant.**

No. 85–2693.

United States Court of Appeals, Fifth Circuit.

Sept. 26, 1986.

Rehearing and Rehearing En Banc Denied Oct. 29, 1986.

---

Terry P. Ayre, J. Doug Cherry, Webster, Tex., for defendant-appellant.

Constance M. Walker, Bernard Ticer, Michael K. Clann, Houston, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GOLDBERG and GARWOOD, Circuit Judges.

PER CURIAM:

This case concerns the availability of attorney's fees to a prevailing party in a marine insurance dispute. In an unreported order without opinion, the district court granted summary judgment for appellee INA of Texas (INA), holding that appellant John Richard was not entitled to attorney's fees. We hold that the determination as to whether the award of attorney's fees is appropriate in marine insurance controversies is controlled by state law. We thus vacate the decision of the district court. We also remand for a finding as to whether Richard is entitled to attorney's fees under Texas law and, if an award of attorney's

fees is appropriate, for a determination as to the proper amount of such fees.

### I.

On September 12, 1981, the tug M/V Restless, owned by Richard, sank while moored at a dock off the coast of Texas. Richard unsuccessfully filed two claims with his insurance carrier INA, a Texas corporation, under his hull policy, which was issued in Texas. Rather than paying the claim, INA sought a declaratory judgment pursuant to 28 U.S.C. § 2201 to clarify its rights under the policy. Richard counterclaimed seeking damages, costs and attorney's fees. The jurisdiction of the district court was invoked pursuant to 28 U.S.C. § 1333.

On the eve of trial, INA and Richard entered into a settlement fully resolving the issues concerning coverage under the hull policy. Unable to agree as to attorney's fees, however, the parties submitted the controversy to the court for its determination on cross-summary judgment motions. The district court granted summary judgment for INA and denied Richard's motion for summary judgment.[1]

### II.

This case does not require extended analysis or discussion. The course of our analysis is charted by the polestar of *Wilburn Boat v. Fireman's Fund Ins. Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 337 (1955), and by its progeny.

It is by now axiomatic that "the interpretation of a contract of marine insurance is—in the absence of a specific and controlling federal rule—to be determined by reference to appropriate state law." *Ingersoll-Rand Financial Corp. v. Employers Ins. of Wausau,* 771 F.2d 910, 912 (5th Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 1263, 89 L.Ed.2d 573 (1986); *see, e.g., Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.,* 757 F.2d 1172, 1174 (11th Cir.

---

1. The parties also submitted the issue of prejudgment interest to the court below, and the District Court ruled in INA's favor. Richard did not appeal this issue. Accordingly, the District Court's order on prejudgment interest remains unaffected by our decision here, and we express no opinion regarding its propriety.

1985); *Navegacion Goya, S.A. v. Mutual Boiler & Machinery Ins. Co.*, 411 F.Supp. 929, 934 (S.D.N.Y.1975). In case after case, we have applied state law in interpreting marine insurance policies, because there is no contrary federal admiralty rule. *See, e.g., Insurance Co. of North America v. Board of Commissioners of the Port of New Orleans*, 733 F.2d 1161, 1167 (5th Cir.1984); *Walter v. Marine Office of America*, 537 F.2d 89, 94 (5th Cir.1976); *Irwin v. Eagle Star Ins. Co.*, 455 F.2d 827, 829 (5th Cir.1972), *cert. denied*, 409 U.S. 118, 93 S.Ct. 118, 34 L.Ed.2d 95 (1972).

Having held that state law controls the interpretation of marine insurance policies, it would defy both logic and sound policy were we to hold that the applicability of attorney's fees *vel non* must be determined by reference to uniform federal law. As a polyglot of differing state laws respecting the substance of marine insurance policies. is permissible, we can think of no reason, nor has one been advanced, why a unitary and uniform federal rule respecting attorney's fees in marine insurance cases is required.

There is no specific and controlling federal rule of law relating to attorney's fees in maritime insurance litigation. On the contrary, we have consistently found state law to govern precisely the issue presented here: whether or not attorney's fees lie in the context of a marine insurance dispute. *American Eastern Development Corp. v. Everglades Marina, Inc.*, 608 F.2d 123, 125–26 (5th Cir.1979); *Offshore Logistics Services, Inc. v. Arkwright-Boston Manufacturers Mutual Ins. Co.*, 639 F.2d 1142, 1146 (5th Cir.1981); *Eagle Leasing Co. v. Hartford Fire Ins. Co.*, 540 F.2d 1257, 1261 (5th Cir.1976), *cert. denied*, 431 U.S. 967, 97 S.Ct. 2926, 53 L.Ed.2d 1063 (1977); *Solomon v. Warren*, 540 F.2d 777, 794–95 (5th Cir.1976), *cert. dismissed sub nom., Warren v. Serody*, 434 U.S. 801, 98 S.Ct. 28, 54

L.Ed.2d 59 (1977); *Stuyvesant Ins. Co. v. Nardelli*, 286 F.2d 600, 604–05 (5th Cir. 1961); *Gulf Oil Corp. v. Mobile Drilling Barge or Vessel*, 441 F.Supp. 1, 12–13 (E.D. La.1975), *aff'd per curiam*, 565 F.2d 958 (5th Cir.1978); *see Crispin Co. v. M/V Korea*, 251 F.Supp. 878, 879 (S.D.Tex. 1965).[2] Similarly, we have held that state law governs the propriety of treble damages for unfair handling of claims by marine insurers. *Austin v. Servac Shipping Line*, 794 F.2d 941, 948 (5th Cir.1986). In both situations, we look to state law to decide when there has been a breach. It thus follows that we look to state law to decide the consequences of that breach. *See Wilburn Boat*, 75 S.Ct. at 373.

We are unable to ascertain whether the district court based its holding on Texas law. We therefore vacate and remand for that court to determine whether Richard is entitled to attorney's fees under Texas law and, if appropriate, to determine the amount of fees due.

VACATED and REMANDED.

---

2. The *general* federal rule in admiralty is, of course, that attorney's fees may not be recovered absent statutory authorization. *See, e.g., Platoro Ltd., Inc. v. Unidentified Remains of a Vessel, Her Cargo, Apparel, Tackle, and Furniture*, 695 F.2d 893, 905 (5th Cir.1983), *cert. denied sub nom., Texas v. Platoro, Ltd.*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); *Noritake*

*Co. v. M/V Hellenic Champion*, 627 F.2d 724, 730, 730–31 n./5 (5th Cir.1980); *cf. Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). But as our cases vividly illustrate, we have never held the general rule applicable in the context of marine insurance, which is *sui generis* because state law supplies the rule of decision.