[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 18, 2000
THOMAS K. KAHN
CLERK

No. 99-11778

D. C. Docket No. 97-03725-CV-SH

ALL UNDERWRITERS, All Underwriters subscribing
to policy number 03789600 including Underwriters at
Lloyds, London,

Plaintiff-Counter-
Defendant-Appellee,

versus

MARK WEISBERG, ROBERT BERZON,

Defendants-Third-Party
Plaintiffs-Counter-
Claimants-Appellants,

Appeal from the United States District Court
for the Southern District of Florida

**(August 18, 2000)**

Before ANDERSON, Chief Judge, DUBINA and SMITH*, Circuit Judges.

---

*Honorable Edward S. Smith, U.S. Circuit Judge for the Federal Circuit, sitting by designation.

DUBINA, Circuit Judge:

This appeal involves the question of whether a district court may award attorney's fees pursuant to a state statute in a marine insurance contract dispute. The district court answered the question in the negative. We reverse.

## I. Background

Appellants, Mark Weisberg and Robert Berzon ("Weisberg," "Berzon," or collectively, "Appellants"), entered into a marine insurance contract with Appellee, Underwriter's at Lloyds, London ("Underwriters"), to insure Appellants' 32 foot motor vessel named "After Hours." The policy provided hull and machinery coverage for $50,000, beginning on September 27, 1996, and extending for a one-year period. Underwriters issued the policy pursuant to Florida's Surplus Lines Law and delivered it to Weisberg's residence in Miami, Florida.

On November 16, 1996, the After Hours sank as a result of heavy winds and storm surge. Appellants made a claim for constructive total loss of the After Hours within four days of the sinking. After conducting an investigation, Underwriters filed a declaratory judgment action in the United States District Court for the Southern District of Florida seeking to have the contract deemed void *ab initio* due to alleged misrepresentations by Appellants in their application for insurance. Underwriters invoked the district court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and sought the special admiralty procedures pursuant to Federal

2

Rule of Civil Procedure 9(h). Appellants filed a counter-claim against Underwriters for breach of contract.

In their Answer and Counterclaim, Appellants demanded attorney's fees pursuant to Fla. Stat. § 627.428. The district court struck Appellants' demand for attorney's fees, finding that "[a]ny Florida law awarding attorney's fees to a prevailing party in the absence of bad faith clearly conflicts with federal maritime law and cannot be applied."

After the district court denied Underwriters' summary judgment motion, the Parties agreed to settle Appellants' claim for the full contractual value of Appellants' loss, plus costs and interest. In the settlement agreement, Appellants specifically reserved their right to appeal the district court's order striking their demand for attorney's fees and reserved their right to seek attorney's fees. After the district court entered judgment in favor of Appellants on their counter-claim, the Appellants filed a timely appeal on the issue of attorney's fees.

On appeal, this court faces two questions. First, we must decide whether Fla. Stat. § 627.428 is procedural or substantive law for *Erie*[1] purposes. If we hold that § 627.428 is substantive law, then we must decide whether a federal court may award attorney's fees pursuant to a state statute in a marine insurance controversy.

_____

[1] *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

3

## II.  Standard of Review

This court reviews a district court's application of admiralty law *de novo*.

*See Isbrandtsen Marine Serv., Inc. v. M/V Inagua Tania*, 93 F.3d 728, 733 (11th

Cir. 1996).

## III.  Analysis

A.  Is Fla. Stat. § 627.428 Procedural or Substantive Law?

Underwriters contend that Fla. Stat. § 627.428 is procedural law, and thus, a

federal court sitting in admiralty cannot apply it.[2] *See Gasperini v. Center for*

*Humanities, Inc.*, 518 U.S. 415, 427 (1996) ("Under the *Erie* doctrine, federal

courts sitting in diversity apply state substantive law and federal procedural law.").

Underwriters correctly notes that this circuit has referred to Fla. Stat. § 627.428 as

procedural.  *See Blasser Bros. v. Northern Pan-American Line*, 628 F.2d 376, 386

(5th Cir. 1980) ("The applicable statute, however, is a procedural one, and the

parties must satisfy the statutory requirements.");[3] *Fidelity-Phenix Fire Ins. Co. of*

---

[2]Fla. Stat. § 627.428 provides:
> (1) Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

[3]One commentator has stated that "the context of the court's remark [in *Blasser Brothers*] indicates that it meant only to assert that the attorneys' fee statute specified the procedures for

4

*New York v. Cortez Cigar Co.*, 92 F.2d 882, 885 (5th Cir. 1937) ("This statute is plainly a procedural one limited to the courts of Florida.").[4] This court, however, has consistently held that "this right to attorneys' fees is applicable in federal courts sitting in Florida."[5] *Blasser Bros.*, 628 F.2d at 386; *see also Steelmet, Inc. v. Caribe Towing Corp.*, 842 F.2d 1237, 1245 (11th Cir. 1988); *North Am. Life & Casualty Co. v. Wolter*, 593 F.2d 609, 611 (5th Cir. 1979); *Meeks v. State Farm Mutual Auto. Ins. Co.*, 460 F.2d 776, 781 (5th Cir. 1972); *Coblentz v. American Sur. Co. of New York*, 421 F.2d 187, 188 (5th Cir. 1969). By applying Fla. Stat. § 627.428 in federal court, we have obviously viewed the statute as substantive law for *Erie* purposes.

Moreover, this court has referred to Fla. Stat. § 627.428 as substantive law for *Erie* purposes. *See Windward Traders, Ltd. v. Fred S. James & Co. of New*

asserting a claim under it, and not that it was a procedural rule for vertical choice-of-law purposes." David W. Robertson, *Court-Awarded Attorneys' Fees in Maritime Cases: The "American Rule" in Admiralty*, 27 J. Mar. L. Com. 507, 565 n. 331 (1996).

[4]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions rendered by the former Fifth Circuit prior to October 1, 1981.

[5]This court has held that a federal court sitting in Georgia cannot award attorney's fees pursuant to Fla. Stat. § 627.428 in an insurance contract dispute where the contract was written in Florida and covered Florida property. *See Fidelity-Phenix*, 92 F.2d at 885. We noted that the statute expressly confines itself to judgments rendered by courts in Florida. *See id.*; *see also* Fla. Stat. § 627.428 ("Upon the rendition of a judgment by any of the courts of this state . . . ."). In turn, we reasoned that this right to reimbursement is not inherent in the contract, but is an incident of a Florida suit on an insurance contract made anywhere. *See Fidelity-Phenix*, 92 F.2d at 885.

*York*, 855 F.2d 814, 817 n.3 (11th Cir. 1988). In *Stuyvesant Insurance Co. of New York v. Nardelli*, 286 F.2d 600 (5th Cir. 1961), our predecessor court cited *Orlando Candy Co. v. New Hampshire Fire Insurance Co. of Manchester*, 51 F.2d 392 (S.D. Fla. 1931), for the proposition that this statute applies to actions brought in federal courts sitting in Florida. *See* 855 F.2d at 604 n. 11. The district court, in *Orlando Candy*, reasoned that this "statute imposes a liability for judicially determined delinquency on the part of an insurer in the payment of its obligation. A corresponding right of recovery necessarily arises in favor of the beneficiary. The right thus created in favor of the beneficiary is a substantive right . . . ." *See* 51 F.2d at 393.

In addition, the Florida state courts have viewed Fla. Stat. § 627.428 as substantive law. *See Bitterman v. Bitterman*, 714 So.2d 356, 363 (Fla. 1998) ("The ability to collect attorney's fees from an opposing party, as well as the obligation to pay such fees, is substantive in nature."); *L. Ross, Inc. v. R.W. Roberts Constr. Co., Inc.*, 481 So.2d 484, 485 (Fla. 1986) ("The right to attorney fees is a substantive one . . . ."). As the Fifth District Court of Appeals explained in *L. Ross*:

> Statutes, such as 627.428, Florida Statutes (1983), which create a new right to attorney's fees creates a substantive right in favor of a limited class of potential plaintiffs (insureds) and a substantive burden or obligation upon a limited class of potential defendants (insurers). The right to an attorney's fee is substantive because it gives to a party who did not have that right the legal right to recover substance (money!) from

6

a party who did not theretofore have the legal obligation to render or pay that money. The right is not merely a new or different remedy to enforce an already existing right and is, for that reason, not merely procedural.

See *L. Ross, Inc. v. R.W. Roberts Constr. Co., Inc.*, 466 So.2d 1096, 1098 (5th DCA Fla. 1985). Accordingly, we hold that Fla. Stat. § 627.428 is substantive law for *Erie* purposes.

B. Are Attorney's Fees Available in Marine Insurance Contract Disputes?

Appellants argue that the district court erred in holding that a federal maritime law existed on the issue of attorney's fees, thereby preempting the application of Fla. Stat. § 627.428. Accordingly, we must resolve whether federal or state law governs.

Federal courts have long considered actions involving marine insurance policies to be within the admiralty jurisdiction of the federal courts and governed by federal maritime law. *See Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955); *New England Mu. Marine Ins. Co. v. Dunham*, 78 U.S. (11 Wall.) 1, 33-34 (1870); *Morewitz v. West of England Ship Owners Mut. Protection & Indem. Ass'n*, 896 F.2d 495, 498-99 (11th Cir. 1990); *Morrison Grain Co., Inc. v. Utica Mut. Ins. Co.*, 632 F.2d 424, 428 n. 4 (5th Cir. 1980). "But, when neither statutory nor judicially created maritime principles provide an answer to a specific legal question, courts may apply state law provided that the application of state law

7

does not frustrate national interests in having uniformity in admiralty law."
*Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co., Inc.*, 207 F.3d 1247, 1251 (11th Cir. 2000); *see also Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 222-23 (1986) ("[T]he extent to which state law may be used to remedy maritime injuries is constrained by a so-called 'reverse-*Erie'* doctrine which requires that the substantive remedies afforded by the States conform to governing federal maritime standards."); *Steelmet, Inc. v. Caribe Towing Corp.*, 779 F.2d 1485, 1488 (11th Cir. 1986) ("One must identify the state law involved and determine whether there is an admiralty principle with which the state law conflicts, and, if there is no such admiralty principle, consideration must be given to whether such an admiralty rule should be fashioned. If none is to be fashioned, the state rule should be followed."). The parties in this case differ as to whether an applicable maritime principle governs the question at issue.

Underwriters argues that there exists a well-established maritime law prohibiting any award of attorney's fees in an admiralty action absent a contract provision, a federal statute, or bad faith in the litigation process. *See Coastal Fuels*, 207 F.3d at 1250; *Noritake Co., Inc. v. M/V Hellenic Champion*, 627 F.2d 724, 730 n. 5 (5th Cir. 1980). Because Fla. Stat. § 627.428 allows an insured to collect attorney's fees based solely on whether he prevailed, Underwriters asserts

8

that § 627.428 conflicts with established maritime law.

Appellants agree that, in general, attorney's fees are not recoverable in admiralty actions. They, however, contend that this general rule does not apply in the context of marine insurance contract actions. The Supreme Court has held that in the absence of a specific and controlling rule, the interpretation or construction of a marine insurance contract is to be determined by state law. *See Wilburn Boat*, 348 U.S. at 321 ("We, like Congress, leave the regulation of marine insurance where it has been – with the States."); *see also Steelmet*, 842 F.2d at 1244 n. 9 ("[A]dmiralty courts will generally look to appropriate state law in determining questions involving a marine insurance contract.") (quoting *Gulf Tampa Drydock Co. v. Great Atlantic Ins. Co.*, 757 F.2d 1172, 1174 (11th Cir.1985)). "Having held that state law controls the interpretation of marine insurance policies, it would defy both logic and sound policy were we to hold that the applicability of attorney's fees *vel non* must be determined by reference to uniform federal law." *INA of Texas v. Richard*, 800 F.2d 1379, 1381 (5th Cir. 1986). Thus, the question becomes whether there exists an established federal maritime policy addressing the specific issue of whether attorney's fees lie in the context of marine insurance contract disputes.

This circuit has awarded attorney's fees pursuant to Fla. Stat. § 627.428 in a

number of marine insurance contract disputes. *See Windward Traders*, 855 F.2d at 819-20 (11th Cir. 1988) (awarding attorney's fees pursuant to Fla. Stat. § 627.428 where a vessel owner prevailed against his insurers to recover under a marine insurance contract); *Steelmet*, 842 F.2d at 1245 (same); *Stuyvesant*, 286 F.2d at 604 (awarding attorney's fees pursuant to Fla. Stat. § 625.08 (now codified as § 627.428) where a vessel charterer prevailed against the vessel owner's insurers to recover under a marine insurance contract); *see also Blasser Bros.*, 628 F.2d at 386 (rejecting an attorney's fees award pursuant to Fla. Stat. § 627.428 where the vessel owner failed to follow the statute's procedures); *American E. Dev't Corp. v. Everglades Marina, Inc.*, 608 F.2d 123, 125-26 (5th Cir. 1979) (rejecting an attorney's fees award pursuant to Fla. Stat. § 627.428 because the statute did not permit an award of fees when an injured third party beneficiary brought the case).[6] Underwriters notes that in these cases, this court did not address expressly whether an established federal maritime policy existed. Rather, this court assumed without any discussion that state law applied. Nonetheless, because these cases

---

[6]Underwriters argues that these cases are distinguishable from the case at bar because they followed the general maritime principle of awarding attorney's fees based upon a contract provision or bad faith. None of the above cited cases, however, relied upon bad faith or a contract provision in awarding attorney's fees. For example, in affirming an award of attorney's fees, this court, in *Stuyvesant,* made no mention of bad faith or of a contract provision as the reason it awarded attorney's fees. *See* 286 F.2d at 604. Instead, this court awarded attorney's fees under Fla. Stat. § 627.428 solely because the insured prevailed in establishing the insurers liability on the policy. *See id.*

consistently applied state law to decide whether or not attorney's fees lie in the context of a marine insurance dispute, they strongly support, if not implicitly hold, that there exists no specific and controlling federal law relating to attorney's fees in maritime insurance litigation. *See* Robertson, 27 J. Mar. L. Com. at 562 ("The . . . Eleventh Circuit take[s] the view that '[t]here is no specific and controlling federal rule of law relating to attorney's fees in maritime insurance litigation' and that therefore 'state law . . . govern[]s the issue . . . whether or not attorney's fees lie in the context of a marine insurance dispute.'"). Furthermore, Underwriters has not cited, nor have we found, any Eleventh Circuit decision which rejects an award of attorney's fees in the context of a marine insurance contract dispute on the basis that federal law and not state law applies.

Two other courts of appeal have addressed this issue and have reached opposite results from each other. In *INA of Texas v. Richard*, 800 F.2d 1379 (5th Cir. 1986), the Fifth Circuit, citing to a number of cases from the Old Fifth Circuit, held that "[t]here is no specific and controlling federal rule of law relating to attorney's fees in maritime insurance litigation." *Id.* at 1381. To the contrary, the court concluded that the Fifth Circuit has consistently found state law to govern the issue of whether or not attorney's fees lie in the context of a marine insurance contract dispute. *See id.* In contrast, the Second Circuit, in *American National*

11

*Fire Insurance Co. v. Kenealy*, 72 F.3d 264 (2nd Cir. 1995), held that there exists an established federal maritime law that prohibits attorney's fees in marine insurance contract disputes. *See id*. at 270.

Underwriters argues that this court should reject its prior decisions and the Fifth Circuit's decision in *Richard*[7] and follow the decision in *Kenealy* as signifying the emergence of an established federal law. In reviewing the *Kenealy* decision, we, however, observe that the cases which underlie the court's rationale in *Kenealy* do not support the notion of an emerging federal rule of law relating to attorney's fees in maritime insurance litigation. *See* Robertson, 27 J. Mar. L. Com. at 566 ("It [] appears that [*Kenealy*] was wrongly decided. The court mistakenly took the American rule – a general federal procedural rule – for a substantive rule of maritime law, and wrongly used that rule to displace state substantive law.").

The *Kenealy* court concluded that the Second Circuit in *Ingersoll Milling Machinery Co. v. M/V Bodena*, 829 F.2d 293 (2d Cir. 1987), held that the general prohibition on attorney's fees in admiralty suits applies in a suit over a marine

---

[7]Underwriters also argues that this court should not follow the *Richard* decision because it relied on cases which impermissibly engaged in a weighing of state interests versus federal interests. The court in *Richard*, however, did not itself engage in any weighing of interests. Instead, the court held that no federal law and no national interest in uniformity existed on this point, thereby obviating any reason to weigh state and federal interests for no federal interest existed. *See* 800 F.2d at 1381. Accordingly, we reject Underwriters's argument on this point.

insurance contract. *See* 72 F.2d at 270. Next, the *Kenealy* court rejected the *Richard* decision by noting that the First and Third Circuits, writing after *Ingersoll*, reached the same conclusion as *Ingersoll*. However, neither the First nor the Third Circuit cases dealt with a dispute over a marine insurance contract. The Third Circuit, in *Sosebee v. Rath*, 893 F.2d 54 (3d Cir. 1990), faced a maritime tort action. *See id.* at 55. In *Southworth Machinery Co. v. F/V Corey Pride*, 994 F.2d 37 (1st Cir. 1993), the First Circuit found the defendant liable as a result of its breach of its express warranty for parts and workmanship incident to the repair of a ship which is a standard contractual breach to which maritime law has always applied. *See id.* at 42. Moreover, the First Circuit's decision supports the proposition that federal maritime law does not cover marine insurance contract disputes. The First Circuit stated that:

> State statutes providing for attorney's fees may sometimes be given effect in admiralty cases, notably, where the attorney's fees are awarded incident to a dispute that is not normally a subject of maritime law. For example, in *Pace v. Insurance Company of North America*, 838 F.2d 572, 578-79 (1st Cir.1988), we held that maritime law did not preempt a Rhode Island cause of action allowing recovery of damages and attorney's fees for an insurer's bad faith refusal to pay or settle claims; *the refusal to settle [insurance] claims is normally left untouched by maritime law.*

*Id.* at 41 (emphasis added). Thus, the cases relied upon by *Kenealy* do not support the *Kenealy* court's proposition that they reached the same conclusion as *Ingersoll*.

13

In addition, Underwriters does not provide any reason, nor have we found one, to require a unitary and uniform federal rule respecting attorney's fees in maritime insurance litigation. *See INA*, 800 F.2d at 1381; *see also Coastal Fuels*, 207 F.3d at 1251 (holding that no reason existed to create a uniform national rule in admiralty where the case concerned attorney's fees and whether the contractual provision which provided for attorney's fees should allow a party to recover attorney's fees where it succeeded on all but one minor issue).

In conclusion, we hold that a district court may award attorney's fees pursuant to Fla. Stat. § 627.428 against an insurer in a maritime insurance contract case. Accordingly, we reverse the district court's judgment and remand this case for further proceedings consistent with this opinion.

**REVERSED AND REMANDED.**