For the reasons set forth in the Memorandum of even date, it is hereby

**ORDERED,** that the settlement agreement is valid and enforceable according to its terms and that the valuation or buyout figure calculated by Dr. Richard Moore as of May 1, 1999, shall be brought down to the date of the Order, including the use of a fair market value of the Berne Alley real estate consistent with this Court's findings in *Berne Corporation, B & B Corporation v. Gov't. of the Virgin Islands et al.,* Civ. No.2000–141 (D.V.I.2000); and it is further

**ORDERED,** that the settlement agreement shall be specifically performed by the parties in accordance with its terms as soon as practicable after Dr. Moore's update; and it is further

**ORDERED,** that the Magistrate Judge shall schedule a hearing for the Court to determine what damages, if any, defendants owe to plaintiff for their breach of the settlement agreement.

**THE CARNEY FAMILY INVESTMENT TRUST, John D. & Kathleen L. Carney, Trustees**

v.

**INSURANCE COMPANY OF NORTH AMERICA**

No. CIV.CCB–03–1558.

United States District Court, D. Maryland.

Jan. 6, 2004.

Charles L. Simmons, Jr., David McIntosh Williams, Gorman and Williams PC, Baltimore, MD, for Plaintiff.

Stephen F. White, Wright, Constable and Skeen LLP, Baltimore, MD, for Defendant.

## MEMORANDUM

BLAKE, District Judge.

On September 9, 2002, fire damaged a yacht owned by the plaintiff, Carney Family Investment Trust ("CFIT"), and insured with defendant Insurance Company of North America ("INA") for over $1.1 million in property damage. As of the date suit was filed, in May 2003, CFIT had rejected INA's settlement offer, and the yacht had not yet been repaired. CFIT, a Massachusetts trust, seeks in Count One a declaratory judgment as to INA's breach of contract, and in Count Two actual damages, double or treble damages, and attorney's fees, alleging unfair claims settlement practices under Massachusetts law. Mass. Gen. Laws chs. 176D § 3(9) and 93A § 9(3)-(4).[1]

INA has filed a motion to dismiss Count Two, contending that federal admiralty law applies to the issues of punitive damages and attorney's fees generally, and that accordingly the Massachusetts law cannot be applied. CFIT disagrees.

Although the complaint invokes the Declaratory Judgment Act and diversity jurisdiction under 28 U.S.C. § 2201 and 28 U.S.C. § 1332, rather than admiralty jurisdiction under 28 U.S.C. § 1333, the parties agree that federal admiralty law governs disputes concerning marine insurance contracts. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 313, 75 S.Ct.

---

1. The Massachusetts law includes as unfair practices: (1) failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies; (2) failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies; (3) refusing to pay claims without conducting a reasonable investigation based upon all available information; (4) failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed; (5) failing to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear; (6) compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and (7) failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement. Mass Gen. Laws ch. 176D § 3(9).

368, 99 L.Ed. 337 (1955). As the Court explained, however, the states share regulatory power with the federal government, and that power "has always been particularly broad in relation to insurance companies and the contracts they make." *Id.* at 314, 75 S.Ct. 368. In *Wilburn Boat,* the Court found there was no judicially established federal admiralty rule governing marine insurance warranties. *Id.* at 316, 75 S.Ct. 368. In holding that state law should control, rather than attempting to fashion a uniform federal law, the Court noted the lengthy history of state regulation of the insurance industry and concluded to "leave the regulation of marine insurance where it has been—with the States." *Id.* at 321, 75 S.Ct. 368.

▆▆▆▆ Both parties have cited and discussed various cases decided after *Wilburn Boat* which have dealt with the applicability of punitive damages and attorney's fees outside the context of marine insurance. Where a tort claim is involved, punitive damages are recoverable if a defendant's conduct is intentional, deliberate, or so wanton and reckless as to demonstrate a conscious disregard of the rights of others. *Jurgensen v. Albin Marine, Inc.,* 214 F.Supp.2d 504, 509 (D.Md.2002), *Delta Marine, Inc. v. Whaley,* 813 F.Supp. 414, 417 (E.D.N.C.1993). Attorney's fees may be awarded in the discretion of the court on a finding of bad faith. *New York Marine & Gen. Ins. Co. v. Tradeline (L.L.C.),* 266 F.3d 112, 130 (2d Cir.2001).[2] Most persuasive on the current question, however, are opinions involving marine insurance contracts, including bad faith failure to settle claims such as that asserted by CFIT. The weight of authority, which is consistent with this court's view,[3] finds that state law should provide the governing rules. *See All Underwriters v. Weisberg,* 222 F.3d 1309, 1315 (11th Cir.2000) (applying Florida law to the issue of attorney's fees); *Pace v. Ins. Co. of N. America,* 838 F.2d 572, 579 (1st Cir.1988) (applying a Rhode Island statute providing a cause of action for bad faith refusal to settle claims); *INA of Texas v. Richard,* 800 F.2d 1379, 1381 (5th Cir.1986) (holding that state law applies to the issue of attorney's fees in a marine insurance dispute); *Austin v. Servac Shipping Line,* 794 F.2d 941, 948 (5th Cir.1986) (holding that state law applies to the issue of punitive damages in a case involving unfair handling of an insurance claim); *see also Southworth Mach. Co. v. F/V Corey Pride,* 994 F.2d 37, 41 (1st Cir.1993) (noting in dictum that a claim for refusal to settle normally is governed by state law); *cf. American Nat'l Fire Ins. Co. v. Kenealy,* 72 F.3d 264, 270 (2d Cir.1995) (declining to apply New York law on attorney's fees where insureds were sued by their insurance company and prevailed).

There appears to be no Fourth Circuit law directly on point. In *Whorton v. Home Ins. Co.,* 724 F.2d 427, 431 (4th Cir.1984), the court rejected a claim for attorney's fees based simply on a successful contract claim for insurance coverage; no bad faith failure to settle was involved nor was any state law relied upon. In *Byrd v. Byrd,* 657 F.2d 615, 619 (4th Cir. 1981), the court applied federal law rather than state law to the question of interspousal immunity, but cited *Wilburn Boat* in noting that the result might be different in an area "where a declaration of preemp-

2. Presumably attorney's fees would be available, therefore, if the plaintiff proves bad faith, even in the absence of Count Two. *See Ingersoll Milling Mach. Co. v. M/V Bodena,* 829 F.2d 293, 309–10 (2d Cir.1987) (applying federal admiralty rule on attorney's fees where only claim raised was for breach of contract and no state law allowing for attorney's fees was invoked).

3. *See United States v. Tug Marine Venture,* 1998 WL 1108933, at *4 (D.Md. Dec.4, 1998).

tion by federal rule would leave a complex area largely unregulated, despite complete regulation by the states."

Accordingly, the court will look to applicable state law in determining whether CFIT may prevail on its claim in Count Two. INA's motion to dismiss will be denied.

■ INA, however, also asserted in its motion that even if state law applies to Count Two, it should not be the law of Massachusetts. In determining which state's law governs, federal choice of law rules apply, and the "most significant relationship" test established in the Restatement (Second) of Conflict of Laws § 188 provides the appropriate framework for weighing the relevant contacts. *American Home Assurance Co. v. L & L Marine Serv., Inc.*, 153 F.3d 616, 618–19 (8th Cir. 1998); *Advani Enters., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 162 (2d Cir. 1998); *Aqua–Marine Constructors, Inc. v. Banks*, 110 F.3d 663, 674 (9th Cir.1997); *United States v. Tug Marine Venture*, 101 F.Supp.2d 378, 382 (D.Md.2000).

The parties' memoranda do not provide sufficient information for the court to make a final determination whether Massachusetts law, as seems likely, applies. If INA believes it has a reasonable basis to argue that the law of some other state should be applied, it may renew its motion to dismiss within 20 days.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1. Defendant INA's Motion to Dismiss Count Two is **Denied;** and

2. Defendant INA may renew its Motion to Dismiss within 20 days of this Order if it believes it has a reasonable basis to argue that the law of another state should be applied.