[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12100

Non-Argument Calendar

_____

TWC ACQUA LIMITED,

Plaintiff-Appellee,

*versus*

RFIB GROUP LIMITED,
Subscribing to Policy No.
B0750RMAMY1707886,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 0:22-cv-60876-AHS

_____

Before ROSENBAUM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

RFIB Group Limited, an insurance broker, appeals from the district court's order granting in part an insured's (TWC Acqua Limited) motion for a default judgment. By granting in part TWC Acqua Limited's motion, the district court held RFIB Group Limited liable on TWC Acqua Limited's breach of contract claim. However, to support entry of default judgment in its favor, TWC Acqua Limited needed to plausibly allege that RFIB Group Limited breached the terms of the parties' contract. TWC Acqua Limited did not do so. Accordingly, after careful review, we vacate the district court's order and remand with instructions to dismiss without prejudice TWC Acqua Limited's complaint for failure to state a claim.

## I.　Background

On May 9, 2022, TWC Acqua Limited ("TWC") sued RFIB Group Limited ("RFIB") for breach of an insurance contract in the United States District Court for the Southern District of Florida. According to the complaint, RFIB is an insurance company doing business in Florida. TWC bought a marine insurance policy ("the policy") through RFIB to insure TWC's 2006 116-foot Broward Motor Yacht ("the M/Y Acqua"). The policy was in effect from March 4, 2017, to March 3, 2018. The policy listed RFIB as "Lloyd's

23-12100                Opinion of the Court                3

Broker," and listed "Lloyd's Syndicate BRT 2987," "Lloyd's Syndicate MRS 0457," and "Lloyd's Syndicate CHN 2015" as the policy's "(re)insurers." TWC regularly paid its premiums under the policy.

In early June 2017, the M/Y Acqua was docked in Fort Lauderdale, Florida. While there, heavy rains created leaks in the M/Y Acqua and caused water damage to the M/Y Acqua's interior. TWC notified its insurance agents and sought indemnification under the policy. TWC did not receive indemnification for the damages that the M/Y Acqua suffered.

As a result, on May 9, 2022, TWC sued RFIB for breach of contract in the United States District Court for the Southern District of Florida. TWC attached a copy of the policy to its complaint. On September 13, 2022, TWC moved for an entry of a default against RFIB for failure to appear or otherwise defend the suit. The next day, the clerk of court entered default against RFIB.

On September 21, 2022, RFIB appeared for the first time. The next day, RFIB moved to set aside the entry of default. In its motion, RFIB argued that it had good cause for failing to appear or file a responsive pleading in time because "there appear[ed] to have been a misunderstanding between [TWC]'s Counsel and [RFIB]'s prior Counsel regarding the scope of the extension of time to respond to the Complaint."[1] The district court denied RFIB's

---

[1] In RFIB's reply in support of its motion to set aside the entry of default, RFIB attached a declaration from its former counsel. In that declaration, RFIB's former counsel explained that he twice asked TWC's counsel for an extension

motion to set aside the entry of default. The district court concluded that RFIB had failed to show good cause as required to set aside the default, noting that TWC and RFIB's purported agreement for an extension of time was not self-executing absent court approval, which RFIB never sought.[2]

RFIB moved for reconsideration of the district court's denial of its motion to set aside the entry of default. In that motion, RFIB repeated its argument that it had agreed with TWC for an extension of time to file a responsive pleading, and RFIB argued that TWC "reneged" on their agreement in an act of "clandestine gamesmanship." RFIB attached three declarations and several e-mails to support its arguments for reconsideration.

On the same day that RFIB moved for reconsideration, TWC moved for a default judgment. RFIB argued in opposition that TWC failed to state a claim for breach of contract against RFIB

---

of time to file a responsive pleading, and TWC's counsel consented both times. RFIB's former counsel, however, did not file anything with the district court concerning an extension of time.

[2] RFIB also moved to transfer venue under 28 U.S.C. § 1404(a) based on a forum selection clause in the policy. In the same order denying RFIB's motion to set aside the entry of default, the district court denied as moot RFIB's motion to transfer without reaching the merits of that motion. On appeal, RFIB argues that the forum selection clause divested the district court of subject matter jurisdiction; thus, the district court should have transferred this action.

because RFIB is not the "insurer" under the policy; thus, RFIB cannot be liable under the policy for TWC's claimed damages.[3]

The district court denied RFIB's motion for reconsideration. The district court rejected RFIB's arguments concerning the parties' purported agreement about an extension of time for RFIB to file a responsive pleading because RFIB's arguments and evidence were "neither new nor compelling," and the district court noted that the record established that RFIB "was properly served, [and] counsel for both sides were in communication, but no motions [for an extension] were filed."

Finally, the district court granted in part and denied in part TWC's motion for a default judgment. The district court granted the default judgment as to liability for breach of contract in favor of TWC but declined to enter damages without more evidence as to the amount of damages. RFIB timely appealed.

## II.    Discussion

In its notice of appeal, RFIB stated that it was appealing three of the district court's orders: (1) the order denying RFIB's motion to set aside the entry of default, (2) the order denying RFIB's motion for reconsideration, and (3) the order granting in part TWC's motion for a default judgment as to liability. We issued a

---

[3] RFIB also argued that TWC's requested damages were speculative and unsupported by the evidence. RFIB, however, appealed after the district court determined liability but before the district court entered damages. Thus, the issue of damages is not before us.

jurisdictional question to the parties asking them to address which, if any, of the district court's three orders were immediately appealable. Additionally, with regard to the merits of the appeal, RFIB asserts four arguments: first, the district court erred by asserting personal jurisdiction over RFIB; second, the district court erred by asserting subject matter jurisdiction over this action; third, the district court erred by concluding that TWC plausibly stated a claim for breach of contract against RFIB; and fourth, the district court erred by declining to vacate the entry of default. We address each of these issues in turn, beginning with our own jurisdiction.

### A. We have jurisdiction over this appeal

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, "we may exercise appellate jurisdiction only where 'authorized by Constitution and statute.'" *Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022) (quoting *Kokkonen*, 511 U.S. at 377). The Constitution provides that "[t]he Judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction." U.S. Const., art. III, § 2, cl. 1. Generally, "[t]he courts of appeals . . . shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States." 28 U.S.C. § 1291 (emphasis added). But in admiralty cases, courts of appeals have jurisdiction over appeals from "[i]nterlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties . . . ." 28 U.S.C. § 1292(a)(3). Thus, under 28 U.S.C. § 1292(a)(3), we have jurisdiction over "appeals challenging liability after the court has

23-12100                Opinion of the Court                7

made a complete determination of the appellant's liability vis à vis the appellee," even if the district court has yet to determine damages. *Beluga Holding, Ltd. v. Com. Cap. Corp.*, 212 F.3d 1199, 1203–04 (11th Cir. 2000).

The district court's third order, which granted in part TWC's motion for a default judgment, meets the requirements of 28 U.S.C. § 1292(a)(3). In that order, the district court resolved the liability issue between the parties. The only remaining question before the district court was "one of damages." Thus, the district court "made a complete determination of [RFIB]'s liability vis à vis [TWC]." *Beluga Holding, Ltd.*, 212 F.3d at 1203–04. Accordingly, we have jurisdiction over RFIB's appeal. *See* 28 U.S.C. § 1292(a)(3).[4] Neither party argues that we do not have jurisdiction over this appeal. Satisfied with our own jurisdiction, we next turn to RFIB's arguments that the district court lacked personal jurisdiction due to an alleged defect in service of process and subject matter jurisdiction based on the contract's forum selection clause.

---

[4] We need not reach whether the district court's first two orders, which declined to vacate the entry of default, are also appealable orders under 28 U.S.C. § 1292(a)(3). We do not reach this question because even if those orders are not appealable on their own, we have pendent appellate jurisdiction over those orders. *See Smith v. LePage*, 834 F.3d 1285, 1292 (11th Cir. 2016) ("Pendent appellate jurisdiction is proper if the non-appealable matters are inextricably intertwined with an appealable decision or if review of the former decision is necessary to ensure meaningful review of the latter." (quotation omitted)).

### B. *RFIB waived its objections to personal jurisdiction*

RFIB's first argument on appeal is that the district court erred by finding that TWC's service of process conferred personal jurisdiction over RFIB. Generally, we review *de novo* whether a district court has personal jurisdiction over a defendant. *Tufts v. Hay*, 977 F.3d 1204, 1208 (11th Cir. 2020). But "a party's right to dispute personal jurisdiction on insufficient service of process grounds is waived if the party fails to assert that objection in his first [motion under] Rule 12 [of the Federal Rules of Civil Procedure], other initial pleading or general appearance." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003). For example, in *Worldwide Web Systems*, we held that a defendant waived his objections to service of process when he moved under Federal Rule of Civil Procedure 60 for relief from a default judgment but did not contest service of process or personal jurisdiction in that motion. *See id.* at 1300–01.

Here, RFIB challenged the entry of default and the entry of a default judgment, but RFIB did not contest service of process or personal jurisdiction in any of its briefs or motions before the district court. In its briefs and motions, RFIB occasionally cast aspersions on TWC's return of service. But a process server's return of service is merely evidence of service of process; the return of service is not service of process itself. *See* 5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1353 (4th ed. 2024). Absent a formal challenge to service of process,

RFIB waived its personal jurisdiction argument. *See Worldwide Web Sys., Inc.*, 328 F.3d at 1299.

### C. The policy's forum selection clause did not divest the district court of subject matter jurisdiction

Next, RFIB argues that the district court erred by finding that it had subject matter jurisdiction over this action despite the policy's forum selection clause specifying New York as the proper forum. "Whether a court has subject-matter jurisdiction to hear a matter is a question of law that we review *de novo*." *Holston Invs., Inc. v. LanLogistics Corp.*, 677 F.3d 1068, 1070 (11th Cir. 2012). "Questions of subject matter jurisdiction may be raised at any time," including on appeal. *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016).

As discussed, the Constitution provides that "[t]he Judicial Power shall extend . . . to all Cases of admiralty and maritime Jurisdiction." U.S. Const., art. III, § 2, cl. 1. Congress further provided that federal district courts "shall have original jurisdiction, exclusive of the courts of the States," over "[a]ny civil case of admiralty or maritime jurisdiction." 28 U.S.C. § 1333(1). "Marine insurance contracts qualify as maritime contracts, which fall within the admiralty jurisdiction of the federal courts and are governed by maritime law." *GEICO Marine Ins. Co. v. Shackleford*, 945 F.3d 1135, 1139 (11th Cir. 2019). "Marine insurance" contracts include "[c]ommercial insurance [contracts] that protect[] the insured against loss to a ship, cargo, profits, or liability to others . . . for a specific vessel during a fixed period." *Marine Insurance, Black's*

*Law Dictionary* (12th ed. 2024); *see, e.g.*, *All Underwriters v. Weisberg*, 222 F.3d 1309, 1310, 1312 (11th Cir. 2000) (referring to a policy on a "32 foot motor vessel" as a "marine insurance contract" and applying federal maritime law to the dispute).

The policy here insures the M/Y Acqua, a yacht, against damage. Moreover, the policy declares itself a "Marine Yacht Insurance" contract. Thus, the policy is a marine insurance contract. *See All Underwriters*, 222 F.3d at 1310. Accordingly, the district court had original subject matter jurisdiction over TWC and RFIB's dispute arising out of the policy. *See* 28 U.S.C. § 1333(1); *GEICO Marine Ins. Co.*, 945 F.3d at 1139.

RFIB concedes that federal courts have jurisdiction over maritime cases like this case. Nevertheless, RFIB argues that the district court did not have subject matter jurisdiction over this action because of a forum selection clause in the policy. Specifically, RFIB cites a provision of the policy wherein "each party agrees to submit to the exclusive jurisdiction of any Court of competent jurisdiction within New York, United States of America."[5] According to RFIB, the phrase "exclusive jurisdiction" divests any court outside New York of subject matter jurisdiction.

---

[5] The policy's forum selection clause provides in full: "This (re)insurance shall be governed by and construed in accordance with the law of New York, United States of America and each party agrees to submit to the exclusive jurisdiction of any Court of competent jurisdiction within New York, United States of America."

23-12100                Opinion of the Court                11

Binding precedent forecloses RFIB's argument. We have held that "motions to dismiss based upon forum-selection clauses ordinarily are not properly brought pursuant to [Federal] Rule [of Civil Procedure] 12(b)(1)."[6] *Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1289 (11th Cir. 1998). In *Lipcon*, we rejected the appellees' argument to the contrary "because the basis upon which the defendants seek dismissal—namely, that the agreement of the parties prohibits the plaintiff from bringing suit in the particular forum—is unrelated to the actual basis of federal subject matter jurisdiction." *Id.* Rather, we concluded that forum selection clauses raise issues of improper venue, not subject matter jurisdiction. *Id.* at 1290. As discussed, the district court had original subject matter jurisdiction over this action because TWC asserted its sole claim under 28 U.S.C. § 1333. The policy's forum selection clause did not divest the district court of its original subject matter jurisdiction. *See Lipcon*, 148 F.3d at 1289–90 (holding that federal securities-law claims provided "a sufficient basis for federal subject matter jurisdiction that is not affected by the parties' agreement to litigate elsewhere"). Accordingly, the district court did not err in finding that it had subject matter jurisdiction over this action.[7]

---

[6] Rule 12(b)(1) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: . . . lack of subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(b)(1).

[7] We conclude that the forum selection clause did not strip the district court of subject matter jurisdiction over this action. Thus, we also reject RFIB's argument that the district court should have transferred the action because the

*D.  TWC failed to plausibly allege breach of contract against RFIB*

RFIB next argues that the district court erred in entering a default judgment based on its determination that, in light of the pleadings, TWC had a contract with RFIB that RFIB breached.  We review a decision to grant or deny a motion for default judgment for abuse of discretion.  *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985).  "A district court abuses its discretion 'if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous.'"  *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014) (quoting *Brown v. Ala. Dep't of Transp.*, 597 F.3d 1160, 1173 (11th Cir. 2010)).

"[A] defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [but the defendant] is not held to admit facts that are not well-pleaded or to admit conclusions of law."  *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (quotation omitted).  Thus, "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment entered.'"  *Id.* (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[8]   A

forum selection clause deprived the district court of subject matter jurisdiction.

[8] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), this Court adopted as binding precedent all decisions of the former Fifth Circuit issued before October 1, 1981.

"'sufficient basis' for the judgment" is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* Thus, a "motion for default judgment is like a reverse motion to dismiss for failure to state a claim." *Id.* And to survive a motion to dismiss for failure to state a claim, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). District courts may consider exhibits attached to a complaint when ruling on a motion to dismiss. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). "[I]f the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls." *Id.*

TWC's complaint asserts one claim for breach of a marine insurance contract. To state a claim for breach of contract under admiralty law, TWC must plausibly allege "(1) the terms of a maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005). TWC attached the insurance policy to its complaint, satisfying the first element. The district court has yet to determine damages, so the third element is not before us. Accordingly, our review turns on the second element.

TWC alleged, and the district court accepted as true, that TWC had a marine insurance contract with RFIB that RFIB breached by failing to investigate, respond to, and indemnify losses

that TWC asserted. These allegations (and by extension, the district court's conclusions) contradict the express terms of the policy that TWC attached to the complaint. *See Hoefling*, 811 F.3d at 1277. The policy provides that RFIB is "Lloyd's Broker."[9] In contrast, the insurers[10] who underwrote liability for the policy were Lloyd's Syndicate BRT 2987, Lloyd's Syndicate MRS 0457, and Lloyd's Syndicate CHN 2015. The policy states that a "(re)insurer," not the broker, "is liable . . . for the proportion of liability it has underwritten." Moreover, the policy explicitly differentiates between the insurers and the broker in certain provisions.[11] For example, one provision states that "RFIB should be in receipt of cleared funds within 50 days of the above mentioned due date(s)" so that "RFIB Group Limited has adequate time to satisfy Insurers premium settlement terms." Additionally,

---

[9] A "broker" is someone "who is engaged for another, usu[ally] on a commission, to negotiate contracts relating to property in which he or she has no custodial or proprietary interest" or an "agent who acts as an intermediary or negotiator, esp[ecially] between prospective buyers and sellers; a person employed to make bargains and contracts between other persons in matters of trade, commerce, or navigation." *Broker*, *Black's Law Dictionary* (12th ed. 2024).

[10] An "insurer" is someone "who underwrites insurance policies and issues them to insureds; esp[ecially] a company or association that undertakes to indemnify against losses and to perform other insurance-related functions." *Insurer*, *Black's Law Dictionary* (12th ed. 2024).

[11] Although the policy mentions some of RFIB's obligations, none of those obligations require RFIB to "fully investigate and respond to" TWC's "losses and damages to the vessel" or "indemnify" TWC for those losses, as TWC alleges.

in a section titled "BROKER'S CANCELLATION CLAUSE," the policy provides that that "(Re)Insurers hereby agree to cancel and return to RFIB Group Limited any premium that may have been then already received by (Re)Insurers in excess of pro rata premium up to cancelling date." These provisions further demonstrate the differences between RFIB's and the insurers' contractual obligations. In sum, the policy makes clear that RFIB is a broker, not an insurer; thus, RFIB cannot breach the policy in the manner that TWC alleged.

The district court did not apply *Twombly* and *Iqbal*'s pleading standard to TWC's complaint. *See Iqbal*, 556 U.S. at 678 (The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)). Failure to do so was an abuse of discretion. *See Surtain*, 789 F.3d at 1245. Moreover, the district court implicitly construed the policy to render RFIB a liable insurer. That construction is an error of law, which is also an abuse of discretion. *See Baldwin v. Express Oil Change, LLC*, 87 F.4th 1292, 1301 (11th Cir. 2023) ("An error of law is an abuse of discretion *per se*." (quotation omitted)); *Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co.*, 157 F.3d 843, 844 (11th Cir. 1998) ("[C]onstruction of an insurance contract . . . is a question of law and is subject to *de novo* review."). Accordingly, we vacate the district court's order

and remand with instructions to dismiss TWC's complaint for failure to state a claim upon which relief can be granted.[12]

In opposition to this conclusion, TWC contends that the policy is ambiguous as to the identity of its insurer(s). We disagree. As discussed, the policy unambiguously designates RFIB as a broker, not an insurer. In contrast, the policy unambiguously lists three Lloyd's Syndicates as the policy's insurers. Since RFIB is not one of the policy's insurers or underwriters, RFIB cannot be liable for breaching the policy in the manner that TWC alleges.

TWC also argues that the district court did not abuse its discretion by denying RFIB's motion for reconsideration when RFIB raised its "[b]roker status" argument in that motion but not in its initial motion to vacate the entry of default. TWC's argument misses the mark. RFIB argued to the district court that the district court could not enter default *judgment* in favor of TWC because TWC failed to state a breach of contract claim against RFIB. RFIB's argument turned on RFIB's assertion that it was not an "insurer" that could be liable for indemnification under the policy. The district court had to consider whether TWC plausibly stated a

---

[12] Because we direct the district court to dismiss without prejudice TWC's complaint, we do not reach RFIB's fourth ground for appeal concerning the district court's determination that RFIB failed to demonstrate good cause for vacating the entry of default. TWC's complaint will no longer present "a live controversy with respect to which [we] can give meaningful relief." *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1251 (11th Cir. 2008) (quotation omitted). Thus, the entry of default, which establishes RFIB's admission to the well-pleaded allegations of TWC's complaint, will also be moot.

23-12100               Opinion of the Court                17

claim for breach of contract before entering a default judgment. *See Surtain*, 789 F.3d at 1245. The district court did not do so. Accordingly, the district court abused its discretion by granting in part TWC's motion for a default judgment as to liability. Thus, we vacate the district court's order and remand with instructions to dismiss TWC's complaint for failure to state a claim.

★    ★    ★

In sum, we VACATE the district court's order granting in part TWC's motion for a default judgment and REMAND WITH INSTRUCTIONS to dismiss without prejudice TWC's complaint.

**VACATED AND REMANDED.**