ALFRED H. GRISWOLD, Appellant, *v.* THE ONONDAGA COUNTY SAVINGS BANK et al., Respondents.

Plaintiff owned two mortgages, which originally covered several parcels of land; all but two of the parcels had been released on sale thereof by the mortgagor, the proceeds of sale being applied upon the mortgage. A

sale of another parcel was made which was also released, and a mortgage taken for the purchase-money was assigned to plaintiff. Plaintiff's mortgagor was at this time indebted to him upon an unsecured account. No application of the assigned mortgage was made by either party. About ten years after such assignment said mortgagor conveyed the remaining parcel. Plaintiff was requested to execute a satisfaction-piece of his mortgage on the ground that it was paid by the assigned mortgage. This he declined to do, but for about seventeen years made no claim under his mortgage. In an action to foreclose the same, the court applied the proceeds of the assigned mortgage as payment. *Held* no error; that equity required it to be so applied instead of upon the open account.

As to whether in all cases, as between a mortgage and an open account, the court will apply a general payment upon the mortgage, *quære.*

(Argued June 21, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the fourth judicial department, entered upon an order made April 14, 1881, which affirmed a judgment in favor of defendant, the Onondaga County Savings Bank, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed in September, 1843, by Josiah Wright as trustee of Thankful Wright, appointed under and by an ante-nuptial agreement, in anticipation of the marriage of the *cestui que trust* with Ezra Sprague. In December, 1843, another mortgage was also executed by said trustee to plaintiff. The mortgage in question originally covered four parcels of land. Various payments were made upon the mortgages. Among others, two mortgages taken on sale by Mrs. Sprague of two of the parcels covered by the mortgage were assigned to plaintiff, who thereupon released said parcels from his mortgages, and applied the proceeds thereon.

In June, 1853, another parcel was sold to one Butler, and a mortgage taken for the purchase-money was assigned by Mrs. Sprague to plaintiff. At that time she was indebted to plaintiff upon an open account for moneys loaned. The question was as to the application of the proceeds of the Butler mortgage; if applied upon plaintiff's mortgage, they were sufficient to pay the same.

Further facts are stated in the opinion.

*John C. Hunt* for appellant. The mortgage being more than thirty years old proves itself. The bare production thereof is sufficient. (1 Greenl. Ev., §§ 20, 20a, 21; 2 Star. Ev. [7th Am. ed.], from 3d Lond. ed., 935, 936; Hill on Trustees, 593,* 387; *Shires* v. *Morris*, 8 Cow. 62; *Com. B'k of Buffalo* v. *Warren*, 15 N. Y. 582–3; Story on Agency [9th ed.], §§ 251, 251a.) The objection that there is a defect of parties not having been taken by answer or demurrer is waived, and cannot be raised for the first time on the trial. (Code of Procedure, §§ 144, 147, 148; Code of Civil Procedure, §§ 488, 493, 499; *Fosgate* v. *Herkimer M. & H. Co.*, 12 N. Y. 580, 584; *Zabriskie* v. *Smith*, 13 id. 322, 336; *Birdwell* v. *Astor Mut. Ins. Co.*, 16 id. 263, 266; *Byxbie* v. *Woods*, 24 id. 607, 609.) When the purposes for which Wright was appointed trustee ceased by the death of Sprague, the estate of Wright as trustee also ceased. (2 R. S. 1110, § 80.) A presumption of re-conveyance is always entertained. (*Englan, ex dem. Sybourn,* v. *Slade*, 4 T. R. 682, 683; *Doe, ex dem. Bowerman,* v. *Sybourn,* 7 id. 2, 3; Hill on Trustees, 395; 6 Bispham ed.; *Bellinger* v *Shafer*, 2 Sandf. Ch. 293, 295, 296.) An account once settled cannot be opened, except upon a complaint or answer setting forth specific errors therein. (*Johnson* v. *Curtis*, 3 Brown's Ch., marg. pp. 266, 267; *Taylor* v. *Haylin*, 2 id. 310, 311; *Taylor* v. *Hayling*, 1 Cox's Ch. 435; *Houghton* v. *Lynch*, 2 Johns. Ch. 210.) A party cannot change or falsify an account unless upon the ground of mistake or error distinctly charged. (*Wilde* v. *Jenkins*, 4 Paige's Ch. 481, 495; *Lacroft* v. *Dempsey*, 15 Wend. 83, 85; *Bullock* v. *Boyd*, 2 Edw. Ch. 293, 296; *Valentine* v. *Valentine*, 2 Barb. Ch. 430, 436; *Bruin* v. *Hone*, 2 Barb. 586, 592; *Palen* v. *Johnson*, 30 N. Y. 49, 51; *Post* v. *President of B'k of Utica*, 7 Hill, 391; *Sexford* v. *Widger*, 3 Comst. 131, 132; *Mechanics' B'k* v. *Edwards*, 1 Barb. 271, 272, 278; affirmed, 2 id. 545; *Chamberlain* v. *Dempsey*, 86 N. Y. 144, 148; *O. & M. R. R. Co.* v. *Kasson*, 37 id. 218, 224; *Sexford* v. *Widger*, 3 Barb. Ch. 640–1; *Sands* v. *Church*, 6 N. Y. 347, 353.) The right of appropriation of the avails of the mortgage belonged

in the first instance to the defendant, and he might at the time of the assignment have made the appropriation, but having neglected so to do his right is lost forever, and the right of appropriation became vested in the plaintiff. (*Gorden* v. *Hobart*, 2 Story [U. S.], 263, 264; *Field* v. *Holland*, 6 Cranch [U. S.], 8, 27–28; *Pattison* v. *Hull*, 9 Comst. 747, 765; *Peters* v. *Anderson*, 5 Taunt. 596; *Phillips* v. *Belden*, 2 Edw. Ch. 1, 13; *Langdon* v. *Roane*, 6 Ala. 518; *Stoughton* v. *Lynch*, 2 Johns. Ch. 210; *Lockwood* v. *Thorne*, 11 N. Y. 170; *Stanton* v. *Jerome*, 54 id. 484; *Freeland* v. *Heron*, 7 Cranch, 147, 151; *Wiggins* v. *Brickham*, 10 Wall. 129, 131; 1 Story's Eq. 526, 527.)

*Louis Marshall* for respondents. Compound interest can only be recovered upon a new and independent agreement upon a sufficient consideration made after simple interest has accrued. (*Young* v. *Hill*, 67 N. Y. 162; *Connecticut* v. *Jackson*, 1 Johns. Ch. 13; *Van Benschoten* v. *Lawson*, 6 id. 314; *Toll* v. *Heller*, 11 Paige, 228; *Forman* v. *Forman*, 17 How. 225; *Jones* v. *Ennis*, 18 Hun, 452; *Hutchinson* v. *Market Bk.*, 48 Barb. 302.) A debtor paying money to a creditor may appropriate it to any one of several accounts that he desires, and in default of an appropriation by the debtor, the creditor has the right to make the appropriation if made at the time of the payment, or within a reasonable time thereafter. (*Patterson* v. *Hull*, 9 Cow. 747; *Stone* v. *Seymour*, 15 Wend. 19; *Allen* v. *Culver*, 3 Denio, 284.) Where the application has been made by neither the debtor nor the creditor, it ought to be made to that debt which the debtor at the time had the most interest to discharge, according to the maxim, " *Quicquid solvitur, solvetur secundum modum solventis.*" (*Gass* v. *Stinson*, 3 Sumn. 311; *Patterson* v. *Hull*, 9 Cow. 775, 777; *Groum* v. *Whitaker*, 1 H. & J. 754; *Dow* v. *Morewood*, 1 Sprague, 206; Willard's Equity Jurisprudence [Potter's ed.], 94.) Where there are several debts, payments should be applied to them in the order in which they become due. (*U. S.* v. *Kirkpatrick*, 9 Wheat. 720; *Allen* v. *Culver*, 3 Denio, 284;

*Seymour* v. *Van Slyck*, 8 Wend. 403; *Hunter* v. *Osterhoudt*, 11 Barb. 33; *Devaynes* v. *Noble*, 1 Mer. 584; *Truscott* v. *King*, 6 N. Y. 147.) A payment cannot be applied to a debt not yet due, to the exclusion of one that is due, nor to one not incurred to the exclusion of one existing at the time of such payment. (*Niagara Bk.* v. *Rosevelt*, 9 Cow. 409, 413; *Baker* v. *Stackpole*, id. 420, 436; *Thomas* v. *Kelsey*, 30 Barb. 273; *Hunter* v. *Osterhoudt*, 11 id. 33.) A compliance with the requirements of the ante-nuptial agreement should have preceded or accompanied the exercise of the power conferred, and was essential to its due execution. (*Allen* v. *Dewitt*, 3 N. Y. 276; *Cleveland* v. *Boerum*, 27 Barb. 250; *Barber* v. *Cary*, 11 N. Y. 397.)

FINCH, J. If the Butler mortgage, which was assigned to plaintiff on the 28th of May, 1855, was properly applied upon his two mortgages, their payment in full was an inevitable conclusion, and the complaint was justly dismissed. At the date of that assignment the plaintiff held against Mrs. Sprague two distinct and independent demands. One of these was the balance due on the two mortgages, while the other consisted of loans and advances entirely unsecured. These latter amounted to about $1,050; the accounts of the adverse parties differing but slightly in this respect. There is no direct evidence in the case of any application by Mrs. Sprague or her trustee of the proceeds of the Butler mortgage to one or the other of the two existing debts. The assignment itself is not printed in the case, and no direction for its application is expressly proved. The receipts given by plaintiff for its proceeds as paid speak only of their application upon the Butler mortgage, and give no aid to the inquiry to which of the two debts they were, or were intended to be applied. Nor did the plaintiff exercise his option, and make an application in his own interest. No indorsement was made upon the mortgages down to the time of the trial. No credit upon the unsecured account separately and specifically was produced or shown; and the statements rendered by the plaintiff consolidated the two debts into

one, and made no application upon one to the exclusion of the other.  Such a statement was made in June, 1853, before the Butler mortgage came into existence, and is relied upon by the plaintiff as having the force of an account stated, but the balance shown by it is general, and gives no hint or indication of the amount, if any, claimed to be due upon one debt as distinguished from the other.  The plaintiff testifies as to his mode of making it.  He charged interest upon both mortgages and advances for the whole period to the date of the statement; credited interest upon all payments to the same date; deducted the credit from the debit, and so reached his balance. Other statements were rendered after the assignment of the Butler mortgage, but in all of them the two forms of debt are consolidated in one, and the general balance in no manner explains how much of its total was derived from the mortgages, and how much from the unsecured account.  So that neither party having made the application, it became necessary for the court to make it; and the sole remaining question is, whether the court properly held that the proceeds of the Butler mortgage should be applied upon the secured indebtedness.

Authorities are not wanting for the doctrine asserted by the respondent, that as between a mortgage and an open account, the court will apply a general payment upon the mortgage. (*Pattison* v. *Hull,* 9 Cow. 755; *Dows* v. *Morewood,* 10 Barb. 183.)  The first of these cases contains an elaborate and learned examination of the question, reviewing the doctrine both of the civil and the common law, and the English and American cases, and concluding that a general payment should be applied upon the mortgage debt rather than upon a simple contract, for the reason that the payments ought to be applied to the debts which lie heaviest on the debtor, and which it concerns him most to discharge.  We have found no contrary doctrine asserted in this court, after an examination intended to be careful and accurate; but yet we need not adopt the doctrine and approve the authorities without reserve, since in this case other facts exist which make our duty much more clear and certain.

The Butler mortgage was the product of a sale of the mortgaged property with the assent of the mortgagee, and made effectual by his release. It would be a very natural and reasonable inference that such release was given only upon the condition that the lien discharged should be balanced and compensated by putting the proceeds in its place, and so maintaining the proper strength of the security. This inference derives greater force from the other dealing of the parties. Every parcel of land originally covered by these mortgages has been released excepting one. In each instance there was a sale, and the proceeds appropriated to the mortgagee. One of the Raynor mortgages ran directly to Griswold, and the proceeds of both are shown by his receipts to have been applicable upon his mortgages. It thus becomes extremely probable, as it certainly was just and equitable, that the proceeds of the Butler mortgage were understood to be devoted to the payment for the release. The mode of dealing almost justifies the inference of a general agreement and understanding that the proceeds of all sales should be applied as a condition of the release upon the mortgages of the plaintiff.

But further facts appear. In 1865, or about ten years after the assignment, and six years after all payments to Griswold had ceased, Mrs. Sprague conveyed the premises in dispute to her daughter, Mrs. Soper. In October of the next year the latter executed a mortgage upon the same property to the Onondaga Savings Bank. The plaintiff's mortgage for $1,900 was dated September 1, 1843, and was due September 1, 1847, and his mortgage of $1,800 was dated December 13, 1843, and matured December 13, 1846. When the bank took its security plaintiff's mortgages were nearly twenty years old, and were very probably represented to have been paid. In 1869 a formal satisfaction was sent to Griswold for his execution, upon the claim of payment in full, and while he declined to execute it, he admits that from 1859 down to 1876, a period of about seventeen years, he had claimed nothing on either the mortgages or accounts, and not even dunned the mortgagor. When, in addition to all these facts, it is further observed that

the mortgages were the oldest debts of all in point of time, a case is made which very clearly shows that the only just and equitable application of the proceeds of the Butler mortgage must be upon the plaintiff's mortgages, and not upon the open account. This being so, the finding of the trial court that the mortgage in suit was fully paid is abundantly supported by the evidence, and entirely correct.

We have examined other questions suggested, but without discovering ground for reversal.

The judgment should be affirmed, with costs.

All concur, except Andrews, J., absent.

Judgment affirmed.