# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 19, 2015         Decided July 26, 2016

No. 14-7047

WHITNEY HANCOCK, ON BEHALF OF HERSELF AND ALL OTHERS
SIMILARLY SITUATED, AND JAMIE WHITE, ON BEHALF OF
HERSELF AND ALL OTHERS SIMILARLY SITUATED,
APPELLANTS

v.

URBAN OUTFITTERS, INC. AND ANTHROPOLOGIE, INC.,
APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:13-cv-00939)

*Mikhael D. Charnoff* argued the cause for appellants.
With him on the briefs was *Scott M. Perry*.

*James M. Burns* argued the cause and filed the brief for
appellees.

Before: MILLETT, *Circuit Judge*, and EDWARDS and
SENTELLE, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* MILLETT.

MILLETT, *Circuit Judge*: Whitney Hancock and Jamie White made purchases with their credit cards at two clothing stores in the District of Columbia. As part of those credit-card transactions, the cashiers asked each for her zip code, and each provided it. Hancock and White then filed suit in federal court, alleging that those zip code requests violated two D.C. consumer protection laws. The district court dismissed the complaint with prejudice for failure to state a claim. But neither plaintiff has alleged a concrete Article III injury tied to disclosure of her zip code that could support standing, so the district court lacked jurisdiction to decide the merits of the case. Accordingly, we vacate the district court's decision and remand for dismissal of the case.

**I**

**A**

The District of Columbia's Use of Consumer Identification Information Act ("Identification Act"), D.C. Code § 47-3151 *et seq.*, provides in relevant part that "no person shall, as a condition of accepting a credit card as payment for a sale of goods or services, request or record the address or telephone number of a credit card holder on the credit card transaction form," *id.* § 47-3153.

The District of Columbia's Consumer Protection Procedures Act ("Consumer Protection Act"), D.C. Code § 28-3901 *et seq.*, provides that, "whether or not any consumer is in fact misled, deceived or damaged thereby," no person may make a "misrepresent[ation] as to a material fact which has a tendency to mislead"; "fail to state a material fact if such failure tends to mislead"; or "use deceptive representations" in "connection with goods or services," *id.* § 28-3904(e), (f), (t).

**B**

In May 2013, Whitney Hancock made a credit card purchase at an Anthropologie retail clothing store in Washington, D.C. Hancock alleges that the cashier first swiped her credit card in a credit card machine. Then the cashier asked for her zip code and entered it into the store's point of sale register, rather than into the credit card machine.

The next month, Jamie White made two credit card purchases at an Urban Outfitters retail clothing store in Washington, D.C. Her factual allegations are identical in every relevant way: in both transactions, the cashier swiped her credit card in a credit card machine, asked for her zip code, and then entered it into the point of sale register.

Hancock and White filed a putative class action in the United States District Court for the District of Columbia. They allege that Urban Outfitters' and Anthropologie's (the "Stores") zip code requests violated the Identification Act and the Consumer Protection Act. More specifically, Hancock and White allege that, because their zip codes are part of their addresses, the Stores' request for zip codes violated the Identification Act's ban on obtaining addresses as a condition of a credit card transaction. They also allege that the requests for their zip codes violated the Consumer Protection Act by (i) falsely implying to consumers that disclosure of their zip codes is required to complete their credit-card transactions; (ii) failing to state the material fact that the provision of a zip code is optional; and (iii) deceptively representing that requests for zip codes are legal and necessary to complete credit-card transactions.

The district court dismissed the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). The court acknowledged the Stores' contention that Hancock and White

had not pled an injury sufficient for Article III standing, but found it "unnecessary" to address that jurisdictional question because the complaint failed to state a claim. J.A. 165. With respect to the Identification Act, the court held that a zip code is not by itself an "address" that the law protects from disclosure. *Id.* at 165–167 (quoting D.C. Code § 47-3153). The court further ruled that Hancock's and White's failure to allege that the transactions would not have been completed if they had not provided their zip codes foreclosed their claims under the Consumer Protection Act.

Hancock and White appealed. Following oral argument, the Supreme Court granted review in *Spokeo v. Robins*, No. 13-1339, to decide whether a procedural violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, can give rise to Article III standing. On May 20, 2015, we ordered this appeal held in abeyance pending the Supreme Court's decision in *Spokeo*, which was issued on May 16, 2016. *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016).

## II

Federal courts cannot address the merits of a case until jurisdiction—the power to decide—is established. One "essential and unchanging" component of federal court jurisdiction is the "requirement that a litigant have standing to invoke the authority of a federal court." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). Until that jurisdictional threshold is crossed, "the court cannot proceed at all in any cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)).

The district court erred at the outset when it bypassed the jurisdictional question of Hancock's and White's standing and

dove into the merits of this case. In doing so, the district court stepped where the Constitution forbade it to tread. That is because Hancock and White lack Article III standing in this case.

"[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). "[T]he irreducible constitutional minimum of standing" requires "an injury in fact" that is both "concrete and particularized," and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiffs must also demonstrate "a causal connection between the injury and the conduct complained of," and "a likelihood that a court ruling in [plaintiffs'] favor would remedy their injury." *Id.* at 561, 595.

Those requirements of injury, causation, and redressability "confine[] the federal courts to a properly judicial role" of resolving actual disputes between parties, rather than questions more appropriately addressed to the other branches of government. *Spokeo*, 136 S. Ct. at 1547. Because this case arises at the motion to dismiss stage, the complaint need only "state[] a plausible claim" that each element of standing is satisfied. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009). We accept facts alleged in the complaint as true and draw all reasonable inferences from those facts in the plaintiffs' favor. *See, e.g.*, *Bregman v. Perles*, 747 F.3d 873, 875 (D.C. Cir. 2014).

The complaint here does not get out of the starting gate. It fails to allege that Hancock or White suffered any cognizable injury as a result of the zip code disclosures. Indeed, at oral argument, Hancock's and White's counsel candidly admitted that "the only injury * * * that the named

plaintiffs suffered was they were asked for a zip code when * * * [under] the law they should not have been." Oral Arg. Tr. 5. In other words, they assert only a bare violation of the requirements of D.C. law in the course of their purchases.

In arguing for standing, Hancock and White simply assert that "[t]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." Pet. Br. at 20 (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (internal quotation marks omitted)). But they vastly overread that case. The Supreme Court has been clear that the legislature "cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing" under Article III. *Spokeo*, 136 S. Ct. at 1547–1548 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997)) (internal quotation mark omitted). Instead, an asserted injury to even a statutorily conferred right "must actually exist," *Spokeo*, 136 S. Ct. at 1548, and must have "affect[ed] the plaintiff in a personal and individual way," *id.* at 1543 (quoting *Lujan*, 504 U.S. at 560 n.1).

The Supreme Court's decision in *Spokeo* thus closes the door on Hancock and White's claim that the Stores' mere request for a zip code, standing alone, amounted to an Article III injury. *Spokeo* held that plaintiffs must have suffered an actual (or imminent) injury that is both particularized and "concrete * * * even in the context of a statutory violation." 136 S. Ct. at 1549. For that reason, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id.* The plaintiff must allege some "concrete interest" that is "*de facto*," "real," and "actually exist[s]." *See id.* at 1548, 1549. Accordingly, while a legislature may "'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that

were previously inadequate in law,'" the legislature cannot dispense with the constitutional baseline of a concrete injury in fact. *Spokeo*, 136 S. Ct. at 1549 (quoting *Lujan*, 504 U.S. at 578) (alteration in *Spokeo*).

Indeed, the Supreme Court cautioned in *Spokeo* that some statutory violations could "result in no harm," even if they involved producing information in a way that violated the law. 136 S. Ct. at 1550. The Court elaborated that, in the context of the Fair Credit Reporting Act at least: "An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id.*

If, as the Supreme Court advised, disclosure of an incorrect zip code is not a concrete Article III injury, then even less so is Hancock and White's naked assertion that a zip code was requested and recorded without any concrete consequence. Hancock and White do not allege, for example, any invasion of privacy, increased risk of fraud or identity theft, or pecuniary or emotional injury. *Cf. Spokeo*, 136 S. Ct. at 1549 (A "risk of real harm" or an "intangible" harm may satisfy Article III's requirement of concrete injury.). And without any plausible allegation of Article III injury, the complaint fails to state a basis for federal court jurisdiction.

Finally, Hancock and White ask this court to change the district court's dismissal from one with prejudice to one without prejudice so that they can amend their complaint to allege standing. But having failed to request the opportunity to amend their complaint in district court, Hancock and White are in no position to ask this court to permit amendment in the first instance. "When a plaintiff fails to seek leave from the District Court to amend its complaint, either before or after its complaint is dismissed, it forfeits the right to seek leave to

amend on appeal." *City of Harper Woods Employees' Retirement System v. Olver*, 589 F.3d 1292, 1304 (D.C. Cir. 2009). To be sure, Hancock and White included a passing reference to amendment in a footnote in their opposition to the motion to dismiss. But that does not suffice. *See United States ex rel. Williams v. Martin-Baker Aircraft Co.*, 389 F.3d 1251, 1259 (D.C. Cir. 2004) ("While Federal Rule [of Civil Procedure] 15(a) provides that leave to amend shall be freely given when justice so requires, a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)."). In short, Hancock and White are seeking leave to amend from the wrong court at the wrong time.

## III

Because the plaintiffs have not alleged any concrete injury in fact stemming from the alleged violations of D.C. law, the district court lacked jurisdiction. We accordingly take the only action open to us: we vacate the district court's judgment on the merits and remand with instructions to dismiss the complaint.

*So ordered.*