WILLIAM PRYOR,
Circuit Judge, joined by MARCUS, Circuit Judge, respecting the denial of rehearing en banc:
A majority of the Court has voted not to rehear en banc our decision in Nicklaw v. CitiMortgage, Inc., 839 F.3d 998 (11th Cir. 2016), which held that a mortgagor lacked standing to complain—two years after the fact—that his lender recorded the satisfaction of his mortgage more than 90 days after that satisfaction occurred. Id. at 1000-01. As members of the panel, we write in respect of that decision and to respond to the errors in the arguments made by our dissenting colleague.
Roger Nicklaw satisfied his mortgage in July 2012, but his lender, CitiMortgage, Inc., failed to record the satisfaction until October 2012. Id. Two years later, Nicklaw filed a putative class action against Citi-Mortgage alleging that CitiMortgage violated two New York statutes that require a lender to file a certificate of discharge with the county clerk within thirty days after a mortgagor satisfies his mortgage. N.Y. Real Prop. Law § 275; N.Y. Real Prop. Acts. Law § 1921. If the lender fails to record the certificate within 30 days, it is subject to a statutory penalty of $500 payable to the mortgagor. That amount increases to $1,000 after 60 days and $1,500 after 90 days.
Nicklaw’s complaint alleged only speculative harms to the market for residential property. He alleged that “banks frequently fail to comply with their obligations to timely file mortgage satisfactions,” and, as a result, “there is a real possibility that a large loss by a title company ... may disrupt the entire system for transferring residential property in New York State.” Nicklaw Compl. 4. He alleged that “[t]he failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.” Id. And he stated that the New York legislature enacted the statutes at issue “[t]o address lenders’ failure to present mortgage satisfactions in a timely manner.” Id. But Nicklaw neither alleged that he had suffered any concrete harm nor that he was at risk of incurring any future harm as a result of the earlier delay in recording the certificate of discharge.
Spokeo, Inc. v. Robins, — U.S. -, 136 S.Ct. 1540, 194 L.Ed.2d 635 (2016), made clear that the role of the legislature in “identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.” Id. at 1549. Instead, “Article III standing requires a concrete injury even in the context of a statutory violation.” Id. As a result, when a plaintiff alleges that a statutory requirement has been violated, courts must determine whether the “violations alleged ... entail a degree of risk sufficient to meet the concreteness requirement.” Id. at 1550.
Nicklaw’s complaint failed to allege a concrete injury. To be sure, CitiMortgage recorded the satisfaction of Nicklaw’s mortgage more than 90 days after it was *1267 required to record the satisfaction. But Nicklaw filed his lawsuit in October 2014 — two years ■ after CitiMortgage recorded the satisfaction of his mortgage— and he failed to allege that the violations of the statutes had harmed him in the past or put him at risk of any future harm, let alone any of the harms identified in Judge Martin’s dissent. See Martin Dissent at 1269-70. Indeed, any risk of future harm was eliminated years before Nicklaw filed this lawsuit when CitiMortgage recorded the satisfaction of his mortgage. Our dissenting colleague cites no decision of the Supreme Court that holds — or even hints — that a plaintiff has standing to sue because he faced a risk of harm that never materialized and has since disappeared. Nicklaw’s complaint alleged only that the statutes were violated years before he filed his complaint. This bare allegation of a statutory violation that has since been remedied is not sufficient to satisfy the requirement of concreteness in Article III. See, e.g., Braitberg v. Charter Commc’ns, Inc., 836 F.3d 925, 930 (8th Cir. 2016) (explaining that a customer who alleged that his cable company retained his personal information in violation of a federal statute had not established a concrete injury in part because he failed to identify any material risk of harm caused by the statutory violation); Hancock v. Urban Outfitters, Inc., 830 F.3d 511, 514-15 (D.C. Cir. 2016) (holding that customers who alleged that a retailer violated a consumer protection law when it requested their zip codes failed to establish a concrete injury because the customers did not allege any injury beyond a statutory violation); Zia v. CitiMortgage, Inc., 210 F.Supp.3d 1334, 1340-41 (S.D. Fla. 2016) (explaining that a mortgagor who alleged that CitiMortgage violated the New York statutes failed to establish a concrete injury because he did not allege any tangible harm, intangible harm, or material risk of harm from the statutory violation); Order at 9, Villaneuva v. Wells Fargo Bank, N.A, No. 13-cv-5429-CS-LMS & Bowman v. Wells Fargo Bank, N.A., et al., No. 14-cv-648-CS-LMS (S.D.N.Y. Aug. 5, 2016) (granting leave for mortgagors to amend their complaint after determining that an allegation that their lenders violated the New York statutes failed to establish a concrete injury because the mortgagors alleged only that the lenders violated the statutes).
Contrary to the depiction in Judge Martin’s dissent, see Martin Dissent at 1269-70, the New York statutes cited in Nick-law’s complaint do not involve a plaintiffs statutory right to truthful information. Havens Realty Corporation v. Coleman, 455 U.S. 363, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982), held that a “tester” who poses as a renter suffers a concrete injury when a real estate agent fails to provide him with truthful information about available housing in violation of the Fair Housing Act, 42 U.S.C. § 3604. 455 U.S. at 373, 102 S.Ct. 1114. The Supreme Court explained that the Act “confers on all ‘persons’ a legal right to truthful information about available housing,” so all persons have standing to sue when they are denied that information. Id. at 373-74, 102 S.Ct. 1114. But unlike the Fair Housing Act, the New York statutes do not confer a “right to truthful information” on a mortgagor. If anything, the New York statutes confer a right to truthful information on other individuals — that is, the statutes provide a mortgagor a cause of action when the sat *1268 isfaction of his mortgage is not recorded for others to see. Federal Election Commission v. Akins, 524 U.S. 11, 118 S.Ct. 1777, 141 L.Ed.2d 10 (1998), likewise explained that a voter suffers a concrete injury when a political organization fails to disclose campaign finance information to him in violation of a statute requiring disclosure. Id. at 21, 118 S.Ct. 1777. The voter suffers a concrete injury because, as a result of the failure to disclose, he cannot obtain information about the political donations of the organization. But violations of the New York statutes do not prevent a mortgagor from obtaining information about the satisfaction of his mortgage. The mortgagor already knows that he has discharged his contractual obligation. The violations instead prevent other people from obtaining that information because public records would still report a mortgage on the unencumbered property.
The New York statutes are more like the statute at issue in Spokeo, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, which required that credit reporting agencies “ ‘follow reasonable procedures to assure maximum possible accuracy of consumer reports.” Spokeo, 136 S.Ct. at 1545 (quoting 15 U.S.C. § 1681e(b)). Spokeo explained that a violation of the Act will not always cause a consumer to suffer a concrete injury. See id. at 1550. Unlike a statute that confers a right to truthful information to a plaintiff, a violation of the Act alone might not “cause harm or present any material risk of harm.” Id. As we have explained in other contexts, the violation of a legal right alone does not satisfy the concrete injury requirement. See Palm Beach Golf Center-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (explaining, in the context of the Telephone Consumer Protection Act, that “where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights”).
The panel opinion adhered to the requirement of a concrete injury under Article III, as explicated in Spokeo. It held that Nicklaw’s complaint failed to allege that he suffered a concrete injury when the New York statutes were violated and that he failed to allege a risk of any future harm. CitiMortgage remedied Nicklaw’s earlier risk of harm when it recorded the certificate of discharge two years before he filed his complaint. Because the panel opinion is correct, we agree with our decision not to rehear this appeal en banc.