*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 17-PR-1365

ROSS O. LITTLE, CO-TRUSTEE, *et al.*, APPELLANTS,

V.

SUNTRUST BANK, CO-TRUSTEE, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(LIT-19-15)

(Hon. Gerald I. Fisher, Trial Judge)

(Argued January 31, 2019      Decided March 28, 2019)

*Michael J. Miller*, *pro hac vice*, by special leave of court, with whom P. Randolph Seybold was on the brief, for appellants Henry L. Strong, Ross O. Little, John Henry Strong, Allana Hope Strong, and Kip Clayton Strong.

*Christopher A. Glaser*, with whom *William E. Davis* was on the brief, for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and GLICKMAN and FISHER, *Associate Judges*.

FISHER, *Associate Judge*: SunTrust Bank filed suit against Henry L. Strong, Ross O. Little, Kip Clayton Strong, John Henry Strong, and Allana Hope Strong (collectively, the "Strong Family") seeking court approval of its resignation as co-trustee of the Strong Family Trust and a complete release from liability. In

response, the Strong Family filed counterclaims alleging breach of contract, breach of duty of loyalty, breach of fiduciary duty, and violation of the District of Columbia Consumer Protection Procedures Act ("CPPA"). The only issue before us is the trial court's grant of summary judgment on the CPPA counterclaim.[1] We vacate the section of the trial court's judgment concerning the CPPA counterclaim and remand with instructions to dismiss for lack of standing.[2]

## I. Background

In its counterclaim, the Strong Family alleges SunTrust violated the CPPA by making false representations about a proposed fee increase, its right to unilaterally increase its fees, and its right to resign as corporate trustee and obtain a complete release of liability. The Strong Family did not pay the higher fees, nor did it sign the broad release proffered by SunTrust. Nevertheless, it invokes the CPPA, which provides in part that it is "a violation of this chapter for any person to

---

[1] All counts having been disposed of without trial, this order granting summary judgment and entering judgment as to the remaining counts is a final appealable order.

[2] SunTrust argues that the CPPA does not apply to the administration of trusts because the Strong Family was not a consumer and SunTrust was not a merchant of consumer goods or services. Since appellants do not have standing, we do not reach the issue of whether the CPPA applies to these types of transactions.

engage in an unfair or deceptive trade practice, whether or not any consumer is in fact misled, deceived, or damaged thereby, including to misrepresent as to a material fact which has a tendency to mislead." D.C. Code § 28-3904(e) (2018 Supp.).

## II. Standing Requirements

"[E]ven though Congress created the District of Columbia court system under Article I of the Constitution, rather than Article III, this court has followed consistently the constitutional standing requirement embodied in Article III." *Grayson v. AT & T Corp*., 15 A.3d 219, 224 (D.C. 2011) (en banc), *amended*, 140 A.3d 1155 (D.C. 2011). In light of a recent Supreme Court decision, we issued an order requesting the parties to address at oral argument whether the Strong Family had alleged an injury-in-fact sufficient to meet the requirement of standing. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) ("a plaintiff [does not] automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right").

In construing the Fair Credit Reporting Act, the Supreme Court explained that a concrete and particularized injury is required to establish injury in fact, and bare procedural violations are insufficient to satisfy Article III standing. *Id.* at 1548-50. In addition to alleging an injury that is concrete and particularized, a plaintiff must establish that the injury in fact is "fairly traceable to the challenged conduct of the defendant" and "likely to be redressed by a favorable judicial decision." *Id.* at 1543. These requirements have been applied to claims under the CPPA.[3]

### III.  Appellants Have Not Alleged a Concrete Injury

---

[3]  *See Hancock v. Urban Outfitters*, 830 F.3d 511, 514 (D.C. Cir. 2016) (remanding to dismiss a CPPA complaint where plaintiffs failed to allege any cognizable injury; "an asserted injury to even a statutorily conferred right must actually exist") (internal quotation marks omitted); *Armstrong v. Navient Solutions*, LLC, 292 F. Supp. 3d 464, 474-75 (D.D.C. 2018) (ordering the parties to show cause why the CPPA claim should not be dismissed for lack of jurisdiction where plaintiffs did not allege facts to support the conclusion that they were misled and the only relevant injuries alleged were emotional distress and loss of time and convenience); *Tolson v. The Hartford Fin. Services Grp., Inc.,* 278 F. Supp. 3d 27, 37 (D.D.C. 2017) ("a plaintiff must allege that she suffered some threatened or actual injury resulting from . . . putatively illegal action to maintain a CPPA claim in a D.C. court") (internal quotation marks omitted); *Mann v. Bahi*, 251 F. Supp. 3d 112, 119 (D.D.C. 2017) ("Although it might violate the CPPA to present misleading information even if no one was misled, a private plaintiff cannot bring a suit to enforce that claim unless he or she has suffered an injury in fact.").

At oral argument, counsel for the Strong Family cited cases to support the proposition that incurring attorney's fees is sufficient to establish a concrete injury.[4] We will assume, without deciding, that those cases are soundly reasoned, but they are distinguishable from the case before this court. The cases proffered by the Strong Family involved "wrongful" and "abusive" legal proceedings which allegedly violated the Fair Debt Collection Practices Act (FDCPA). *See Demarais*, 869 F.3d at 691-93 (consumer sufficiently alleged a concrete injury based in part on need to hire counsel to defend against allegedly false representations in pleadings and use of unfair litigating tactics in attempt to collect a debt that had been extinguished); *Cook*, 2018 WL 1377906, at *3 (plaintiff property owner had standing to bring claim for damages based on expenses incurred in defending against an allegedly unlawful foreclosure action brought by bank); *Mogg*, 2016 WL 4395899, at *3-4 (plaintiff's concrete injury included costs incurred to defend against an allegedly unlawful debt collection action filed after plaintiff had filed bankruptcy petition).

---

[4] *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017); *Cook v. H.S.B.C. Bank USA, N.A.*, No. 17-CV-00059, 2018 WL 1377906 (N.D. Ill. March 19, 2018); *Mogg v. Jacobs,* No. 15-CV-1142-JPG-DGW, 2016 WL 4395899 (S.D. Ill. Aug. 18, 2016).

The Strong Family identifies its injury as the need to pay attorney's fees incurred in responding to SunTrust's lawsuit. However, the complaint filed by SunTrust was not based on the misrepresentations the family claims SunTrust made in earlier correspondence. SunTrust sought court approval to resign as co-trustee, a right recognized under the Uniform Trust Code. D.C. Code § 19-1307.05(a)(2) (2012 Repl.) (adopting language from the Uniform Trust Code); UNIF. TRUST CODE § 705(a)(2) (2000) ("A trustee may resign [w]ith the approval of the court."). The suit itself was not part of an unfair trade practice that would violate the CPPA.

Although SunTrust may have sought from the court a broader release than it was entitled to, it did not base that request for relief on any misrepresentations made to the Strong Family. As the trial court recognized, the scope of release from liability is also addressed in the Uniform Trust Code. D.C. Code § 19-1307.05(c) (2012 Repl.) (adopting language from the Uniform Trust Code); *see also* UNIF. TRUST CODE § 705(c) (2000) ("Any liability of a resigning trustee or of any sureties on the trustee's bond for acts or omissions of the trustee is not discharged or affected by the trustee's resignation."); UNIF. TRUST CODE § 705 cmt. ("a

resignation does not release the resigning trustee from potential liabilities for acts or omissions while in office").[5]

As for the statement in correspondence that any ensuing litigation would be at the trust's expense, the question of attorney's fees is decided by the court.[6] D.C. Code § 19-1310.04 (2012 Repl.) (adopting language from the Uniform Trust Code); UNIF. TRUST CODE § 1004 (2000) ("In a judicial proceeding involving the administration of a trust, the court, as justice and equity may require, may award costs and expenses, including reasonable attorney's fees, to any party, to be paid by another party or from the trust that is the subject of the controversy."). Thus, the expenditure of attorney's fees by the Strong Family is not "fairly traceable" to any misrepresentation made by SunTrust. Aside from attorney's fees, the Strong Family has not alleged any particularized or concrete injury in fact or "risk of real harm," *see Spokeo*, 136 S. Ct. at 1543, flowing from any alleged

---

[5] In fact, SunTrust quoted the language of D.C. Code § 19-1307.05 in its entirety in the bank's August 6, 2014, letter to the Strong Family.

[6] It appears that the parties are still litigating whether any attorney's fees will be awarded to SunTrust.

misrepresentations made by SunTrust. As a result, the Strong Family has not shown that it has standing to bring its CPPA counterclaim.[7]

## IV.    Conclusion

For the reasons stated above, the portion of the Superior Court judgment addressing appellants' Consumer Protection Procedures Act counterclaim is vacated and this case is remanded with instructions to dismiss that counterclaim for lack of standing.

*It is so ordered.*

---

[7] The issue of standing was not raised in the trial court. Instead, the court granted summary judgment for SunTrust on the CPPA counterclaim, concluding that no material misrepresentations were made by SunTrust, and the Strong Family did not rely on any representations made by SunTrust. We should not address the merits of a case until jurisdiction (justiciability) is established. *See Hancock*, 830 F.3d at 513. An essential component of jurisdiction is standing and if the Strong Family does not satisfy this requirement, we cannot proceed. *Id.* Therefore, we vacate and remand with instructions to dismiss instead of considering the merits of the trial court's ruling.