[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-10385

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LELIA VANESSA PERDOMO ZAPATA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00132-SCB-AAS-2

_____

Before WILSON, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

Lelia Vanessa Perdomo Zapata appeals her convictions for conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction and aiding and abetting the possession with intent to distribute cocaine while aboard a vessel subject to United States jurisdiction. Zapata argues that the district court erred in concluding that it had subject matter jurisdiction under the Maritime Drug Law Enforcement Act (MDLEA) because the United States did not have jurisdiction over the Panamanian vessel at issue, despite the waiver of jurisdiction by Panama. Because the district court did not err in determining that it had jurisdiction under the MDLEA, we affirm.

## I.

On March 13, 2019, the United States Coast Guard (USCG) spotted a sailing vessel named *El Senor de los Vientos* in international waters off the coast of Colombia. The USCG reasonably suspected the vessel of illicit drug trafficking, so the USCG approached the vessel for questioning. After the USCG officers approached the vessel, Zapata's co-defendant, Luis Cruset Ballart, identified himself as master of the vessel and made a verbal claim of Panamanian registry for the vessel. In addition to the verbal claim, the vessel was flying a Panamanian flag.

Because of Ballart's claim of Panamanian registry and the Panamanian flag, the USCG officers contacted the Republic of Panama to confirm or deny the vessel's registry as required under the Salas-Becker Agreement.[1]   After Panama confirmed the vessel's registry, the USCG requested authorization to board and search the vessel.   Initially, there was some back and forth between Panama and the USCG.   But ten hours after the USCG's request, Panama granted authorization.   Once the USCG officers boarded the vessel, they found over four hundred kilograms of cocaine.

Six days later, the United States requested that Panama waive its primary right to jurisdiction over the vessel under the Salas-Becker Agreement.   Shortly after, Panama consented to the exercise of jurisdiction by the United States.   Based on these facts, the U.S. Secretary of State certified that Panama consented to the United States exercising jurisdiction over the vessel.

II.

We review questions of law de novo and findings of fact for clear error.   *United States v. Campbell*, 743 F.3d 802, 805 (11th Cir. 2014).   We will review de novo a district court's interpretation and application of statutory provisions in determining whether the

---

[1] The formal name is the Supplementary Arrangement Between the Government of the United States of America and the Government of the Republic of Panama to the Arrangement Between the Government of the United States of America and the Government of Panama for Support and Assistance from the United States Coast Guard for the National Maritime Service of the Ministry of Government and Justice.

district court has subject matter jurisdiction.  *Id.*  The issue of subject matter jurisdiction can be raised at any time.  *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998, 1001 (11th Cir. 2016).

### III.

Under the Constitution, the Piracies and Felonies Clause empowers Congress to "define and punish Piracies and Felonies committed on the high Seas, and Offences against the Law of Nations."  U.S. Const., art. I, § 8, cl. 10.  Pursuant to that authority, Congress enacted the MDLEA, which provides that an individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board a vessel of the United States or a vessel subject to the jurisdiction of the United States.  46 U.S.C. § 70503(a).

The MDLEA permits the United States to exercise jurisdiction over "a vessel registered in a foreign nation if that nation has consented or waived objection to the enforcement of United States law by the United States."  *Id.* § 70502(c)(1)(C); *United States v. Wilchcombe*, 838 F.3d 1179, 1186 (11th Cir. 2016).   A foreign nation can consent or waive objection "by radio, telephone, or similar oral or electronic means."  46 U.S.C. § 70502(c)(2)(A).  Certification by the U.S. Secretary of State or the Secretary's designee conclusively proves consent or waiver from a foreign nation.  *Id.* § 70502(c)(2)(B).

On appeal, Zapata attacks the Salas-Becker Agreement to show the district court lacked jurisdiction.  Specifically, Zapata argues the Salas-Becker Agreement is insufficient to confer

jurisdiction over the vessel because it was only an "arrangement" that is not authorized by Congress like a treaty.

We disagree. Because the MDLEA does not state how a foreign nation will give its consent or waive its objection, *see* 42 U.S.C. § 70502(c)(1)(C), the United States can enter into an agreement with a foreign nation, either by formal or informal means, that addresses how the foreign nation can consent and waive objections to jurisdiction. Here, Panama and the United States reached an informal binding agreement that allows Panama to consent and waive its objections to jurisdiction. Therefore, the United States properly exercised jurisdiction over the vessel by following the requirements of the Salas-Becker Agreement.

Further supporting proper jurisdiction, under the Salas-Becker Agreement, the United States requested consent from Panama because Ballart made a verbal claim for Panamanian registry and the vessel was flying the Panamanian flag. After receiving consent to board and search the vessel and then waiver of jurisdiction by Panama, the U.S. Secretary of State issued its certification detailing the process between the two nations. Thus, jurisdiction was conclusively proven in this case when the State Department issued that certification. *See* 46 U.S.C. § 70502(c)(2)(B).

Next, Zapata argues that it is unclear whether the USCG complied with the time constraints imposed by the Salas-Becker Agreement. The Salas-Becker Agreement provides that if Panama does not respond within two-hours of a request made by the United States, the United States is deemed authorized to board the

6                    Opinion of the Court                    20-10385

suspect vessel. Zapata argues that Panama did not immediately respond to the United States' request in this case, and that the Secretary of State's certification failed to state whether the USCG waited the requisite two hours before boarding the vessel in this case. As a result, Zapata says the USCG failed to comply with the Salas-Becker Agreement.

Again, we disagree. We have held that the State Department's certification eliminates any timing arguments because, to obtain jurisdiction over a MDLEA prosecution, the government need only show that the MDLEA's statutory requirements were met. See United States v. Hernandez, 864 F.3d 1292, 1303–04 (11th Cir. 2017). In any event, the record does not support Zapata's argument that the USCG boarded the vessel too early under the Salas-Becker Agreement. The trial testimony from the USCG boarding officer shows that the USCG did not board until Panama authorized the USCG to board and search the vessel which was over ten hours after the USCG sent the request for authorization to Panama.

Therefore, Zapata has not shown that the district court erred. The U.S. Secretary of State's certification conclusively proves that Panama consented to the United States exercising jurisdiction over the Panamanian vessel. 46 U.S.C. § 70502(c)(2)(B). As such, the vessel was a "vessel subject to the jurisdiction of the United States," pursuant to the MDLEA. Id. § 70502(c)(1)(C); Wilchcombe, 838 F.3d at 1186. Accordingly, the district court

20-10385                Opinion of the Court                    7

properly exercised its subject matter jurisdiction under the MDLEA. *See id.*

AFFIRMED.